George R. WOHLSCHLAEGER,
Respondent,

v.

Donald E. HOECHSTENBACH, Lakeside Glass, Inc., Lemay Bank and Trust Company and Quinton Keller, Trustee, Appellants.

No. 45269.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 29, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

Robert C. Jones, Clayton, for appellants.

Martin Schiff, Jr., Clayton, for respondent.

CLEMENS, Senior Judge.

Plaintiff excavator George R. Wohlschlaeger sued defendant recreation complex owner Donald E. Hoechstenbach for the value of plaintiff's extra excavating work. This was caused by substantial changes made by defendant in the building site.

After the jury-waived hearing the trial court gave plaintiff a mechanic lien judgment for $37,000 plus interest and costs. Defendant has appealed.

Here defendant contends the judgment was not supported by the evidence. First because plaintiff did not show a reasonable basis for recovery. Second because plaintiff had no precise recollection of time and materials involved. Third plaintiff failed to show the actual time and materials expended because the evidence showed plaintiff had not excavated the amount of material claimed.

The range of our review is limited by *Murphy v. Carron,* 536 S.W.2d 30 [1–3] (Mo. banc 1976). Thereby "the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." The judgment is presumably correct. *Husky Industries, Inc. v. Craig Industries,* 618 S.W.2d 458[1–4] (Mo.App.1981).

By his petition plaintiff sought damages for three parts of his extra work: $12,535 for excavating and bringing in extra fill when the building site was changed; $14,-400 for labor and materials cutting rock because of that change; and $54,495 for labor and materials in excavating to reduce the parking lot grade from 10% to 6%. Defendant denied all of plaintiff's claim.

Testimony of the reasonable value of plaintiff's additional costs expended and expenses incurred was a total of $81,430. Plaintiff contends this arose primarily by major construction changes. Beyond the original contract costs, not now in issue, plaintiff's additional work was caused by major changes: The building site was slightly moved, the building's size was increased from one to two floors, additional grading in rock supporting pillars was required, and a driveway grade was decreased from 10% to 6%. All this was with defendant's knowledge.

Against plaintiff's damage evidence of $81,430, the trial court reduced that to $37,000. Only defendant challenges that award.

The building site was irregular in elevation and much of it underlayed with rock which plaintiff had to remove.

As said defendant trebly attacks the judgment. His initial challenge is plaintiff's $12,535 charge for extra fill and compaction. Defendant contends it was hearsay because plaintiff did not recall the time and materials expended. Defendant testified there were no substantial changes in construction plans and that excavation for footings and backfill had been included in the parties' original agreement. Defendant acknowledged that a three-level parking lot was substituted for the one-level lot originally planned.

To this challenge plaintiff points to further testimony. Defendant changed the building plans by raising the proposed building two feet, requiring plaintiff to furnish extra compaction and pure dirt fill.

By defendant's second point he challenges plaintiff's $14,400 charge for cutting building footings in solid rock, required by defendant's change in building elevation. Defendant argues the charge was speculative because plaintiff had no present recollection of the actual time and material expended.

To the contrary, plaintiff testified that on this work he used a rented backhoe and breaker to cut footings in solid rock; that the machine's timer showed 300 hours of operation on the job; that the $48 an hour charge was reasonable.

By his third point defendant challenges plaintiff's $54,495 charge for cutting and moving rock required when defendant changed his driveway slope from a 10% to a 6% grade. Defendant contends plaintiff left the job-site before completion and lacks specific evidence of the amount of work done.

Plaintiff's evidence that regrading the main driveway was required when defendant's architects found the 10% grade was too steep. Plaintiff reduced the grade to 6% by blasting and moving 6,055 yards of rock at $9 a yard.

Supporting plaintiff's three claims, his expert witness, a general contractor, testified each charge was reasonable.

As said, the court awarded plaintiff $37,000 in damages, plus interest and costs. The trial court had discretion to interpret the conflicting evidence on the amount and value of material excavation and to believe or disbelieve the testimony before it. All fact issues upon which no specific findings were made—and none were requested or made here—are deemed as having been found in accordance with the result reached. Rule 73.01(a)(2).

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.